IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Krzysztof Solomianko<br>individually<br>and on behalf of all persons<br>similarly situated<br>as<br>members of the Collective as permitted<br>under the Fair Labor Standards Act;<br><br>　　　　　　　　　Plaintiff,<br>　　　vs.<br>Paragon Mechanical, Inc. and<br>Kevin Polka<br>as an employer under the FLSA,<br>and IMWL<br><br>　　　　　　　　　Defendants. | ) <br>) <br>) <br>) CASE NO 23 CV 4045<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) **JURY TRIAL DEMANDED**<br>) **ON ALL COUNTS**<br>) <br>) |

**PLAINTIFF'S**
**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiff, Krzysztof Solomianko individually and on behalf of all others similarly situated, as Collective representative, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which they so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL") and claims pursuant to The Internal Revenue Code, Section 7434, 26 U.S. §7434, and brings these causes of action against Defendant Paragon Mechanical, Inc., (hereinafter "Paragon" and/or "Defendant"), and Kevin Polka individually under the FLSA and IMWL and in so doing states the following:

1

## NATURE OF THE ACTION

1. Plaintiff, Krzysztof Solomianko alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that he, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week and more specifically Plaintiff alleges that Defendants failed to pay over time for the following circumstances Defendants fail to pay for work-time during which Plaintiffs and Collective for time spent commuting to and from job sites. Specifically Defendants failed to pay for any travel time if the Plaintiff or collective member were:

   a. -going to maintenance service "pm"

   b. -a contract job (a job scheduled in advance)

   c. -any service call to a client on Preventative service Maintenance contract list

   d. -warranty service (either Plaintiff's or anyone's in the company)

   All of these types of service calls happened frequently, weekly or many times per week.

2. Additionally Defendants has a policy that for travel time if a service call had "chargeable travel/service fee" then Plaintiff would be clocked at one (1) hour paid regardless if driven 20 minutes or 2 hours resulting in shortages of hours of work.

3. As a singular example of how a wage shortage occurred based on Defendants odd travel policies if Plaintiff worked four service calls a day:

   -Drive for 1hr
   -1st service 1h20 minutes with service charge
   -drive for 1hr
   -2nd service 1hr
   -drive for 1hr
   -3rd service 1h15minutes
   -drive for 1hr
   -4th service 2h
   -drive home for 1hr

   Total time worked on clients property clocked in: 5hr 35min

   1hr chargeable drive time
   Total paid: 6 hours 35 minutes but total work time 10 hours and 35 minutes

   A Shortage of four work hours resulted from Defendants' policies as shown in this singular example

4. Plaintiff and other similarly situated were forced to take trucks home and couldn't drive and leave personal vehicles on company parking lot.

5. Defendants fail to pay Plaintiff and Collective for time at the end of the work day, rather Defendants "punches out" Plaintiff and Collective upon the last job of the day and/or upon starting of the service vehicle at the end of the day, but before the Plaintiff and Collective have completed work and/or Plaintiffs and Collective travel from the work site.

6. Each of the above described failures to compensate (in Paragraphs 1-5) frequently resulted in failure to pay overtime for the Plaintiff and Collective because Plaintiff and Collective often worked overtime and are paid at an overtime rate of pay for some of that work time, but Plaintiff and Collective were not paid overtime for

3

the time described in paragraphs 1-5 above, thus the unpaid time for the Plaintiff and Collective is mostly unpaid overtime work time.

7. Plaintiff also brings a separate and individual claim for violation of the Internal Revenue Code, Section 7434, 26 U.S. §7434 based on a year end bonus of $29,000 which Defendants processed as regular pay and ended up paying 46% tax on that bonus pay but after Plaintiff left employment Defendants lied and changed the bonus to a "private loan" with no repayment. This is a false statement to the IRS as the payment was a bonus not a loan and resulted in a huge tax payment that was incorrectly assessed based on Defendants lies to the IRS.

8. This action is brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

9. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

10. Plaintiff, in his Collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

12. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiffs seek application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")).

13. The Court is authorized to issue a declaratory judgment.

14. Venue is proper in this Court.

15. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

16. Plaintiff, Krzysztof Solomianko is a resident of the State of Illinois.

17. Plaintiff Krzysztof Solomianko was an hourly (non-exempt) employee of Defendants.

18. Plaintiff was paid some of his overtime wages but not all of his overtime wages.

## DEFENDANTS FACTS AND PARAGON CORPORATE FACTS

19. Defendant, Paragon Mechanical, Inc., ("Paragon") is a corporation or business which does business in Illinois.

20. Paragon is a provider/installer/servicer of heating equipment and air conditioners in the Chicago area.

21. Defendant Paragon employs approximately 5-10 full time service employees.

22. All these 5-10 employees are similarly situated to the Plaintiff as they all were paid insufficiently as alleged in ¶¶ 1-5 above thus the employees different titles and job duties do not make them dissimilar as the similar situated allegations are based on failure to pay wages in the same manner as alleged in paragraphs 1-5.

23. Kevin Polka are named as individual Defendants as they caused the failures to pay for the owed overtime wages of the Plaintiffs and Collective.

24. Kevin Polka decided to not pay employees, including Plaintiff and Collective, for work, despite knowledge that the employees performed other work for which they were not paid.

### TRAVEL TIME REGULATIONS – FLSA AND IMWL

25. Pursuit to the FLSA time spent traveling between worksites during a workday is compensable under 29 C.F.R. 785.38

26. The travel time should be paid at the employee's regular rate of pay; however, it is permissible to have a wage agreement whereby employees are paid at a lower rate (at least minimum wage) for compensable travel time and other types of non-productive work time, as noted in 29 C.F.R. 778.318(b) and a DOL administrative opinion letter dated January 22, 1999 (BNA, WHM 99:8211). However, any such agreement should be clearly expressed in a written wage agreement signed by the employee, and the time so distinguished must be carefully and exactly recorded.

27. Here there was no such agreement in writing, thus Plaintiff and collective are owed wages at their regular rate and/or overtime rate of their regular rate.

28. While travel to and from the Plaintiff's home may not compensable under the FLSA, it is compensable under the IMWL.

29. The IMWL regulations include Section 210.110 which reads:

> An employee's travel, performed for the employer's benefit (for example, in response to an emergency call back to work outside the employee's normal work hours, or at the employer's special request to perform a particular and unusual assignment, or as a part of the employee's primary duty, or in substitution of the employee's ordinary duties during normal hours) is compensable work time as defined in 29 CFR 785.33 – 785.41 (1994, no subsequent dates or editions), as amended at 26 FR 190.

30. Thus when Congress amended the FLSA with the Employee Commuter Flexibility Act of 1996, IDOL defined compensable travel time as it was defined under the FLSA in 1995 and not thereafter. 56 Ill. Admin. Code 210.110.

31. In Illinois, employees driving company cars from home to a job site are on the clock under the IMWL even though they may not be under the FLSA, here Plaintiff makes this claim for his work time while driving the company vehicle.

32. Additionally on-call or emergency call outs are also compensable for travel time.

33. An employee's travel, performed for the employer's benefit (for example, in response to an emergency call back to work outside his/her normal work hours, or at the employer's special request to perform a particular and unusual assignment, or as a part of the employee's primary duty, or in substitution of his/her ordinary duties during normal hours) is compensable work time as defined in 29 CFR 785.33 – 785.41

## SPECIFIC WEEK BY WEEK ALLEGATIONS

34. Plaintiff include specific week by week allegation, as some District Judge's have required specific allegations, the following specific allegations are NOT all the hours owed, rather is an example of overtime wages owned.

35. Plaintiff alleges that in the two weeks of June 13-26 of 2022 Plaintiff worked over 80 hours and pursuant to the Defendants wage and hour policies, he was not paid for travel time, thus Plaintiff worked at least 3-6 hours per day which was not paid in the wage payment for 6/13-26, 2022. These three to six hours per day of unpaid work time would have been overtime wages, if Plaintiff had been paid, thus Plaintiff is owed these overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

36. Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all hourly employees of Paragon who were, are, or will be employed by PARAGON during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

37. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by

8

the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all hourly employees employed by PARAGON.

38. Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of PARAGON who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### PARAGON policies and procedures and Compensation Practices fail to pay all worked overtime hours of work

39. Plaintiff was employed by PARAGON as an employee of the Defendants who work beyond forty hours, but for which Defendants failed to pay overtime for some of those overtime hours of work as alleged in detail elsewhere in the complaint.

40. The Defendants' unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

41. Defendants' were knowledgeable of that they were not paying all overtime hours worked.

42. At all relevant times, Defendant operated a heating and air conditioning business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

43. Defendants advertise that the company installs and/or services Bosch brand of water--heaters, a product which moves in commerce, which is manufactured in another state, thus Defendants' sell products moving in interstate commerce.

44. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

45. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

46. Defendant Paragon sales were in excess of $500,000 per year.

47. Defendant Paragon constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

48. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

49. At all times material herein, Plaintiff have been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, erseq.

50. At all times material herein, Plaintiff have been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act, A.C.A. § 11-4-201, *et seq*.

51. No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiff.

**PARAGON Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

52. PARAGON required and permitted Plaintiff, and the FLSA Collective, to work more than 40 hours in a week. PARAGON did not pay Plaintiff and the FLSA Collective for all work time and all overtime hours worked.

53. PARAGON unlawful conduct has been uniform, widespread, repeated and consistent.

54. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

55. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Plaintiff claims Against Defendants**
**Under the Illinois Minimum Wage Law "IMWL"**

56. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

57. Plaintiff was an employee of the Defendant pursuant to the IMWL.

58. Defendant Paragon employed more than four employees, thus was covered by the IMWL.

59. Plaintiff was employed by PARAGON as hourly employees.

11

60. It is and was at all relevant times, a policy of PARAGON to not pay for all overtime hours worked, as alleged in detail elsewhere in this complaint.

61. It is a policy, procedure and job requirement of Defendant PARAGON to not pay for all overtime hours worked, as alleged in detail elsewhere in this complaint.

62. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's service and installation employees.

63. As a result of the foregoing, Plaintiff and members of the Collective have been damaged in an amount to be determined at trial.

64. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

**SECOND CLAIM FOR RELIEF**
**On Behalf of Plaintiffs Against Defendant**
**PARAGON**
**For violations of the FLSA**

65. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

66. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

67. The Collective claims include all employees which Defendant has failed to pay overtime work hours and/or proper overtime rate of pay as detailed elsewhere in the complaint.

68. At all relevant times, Defendants PARAGON has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

69. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

70. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff and members of the prospective FLSA Collective, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

71. At all relevant times, the work performed by employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

72. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiff and members of the prospective FLSA Collective, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to

determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

73. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

74. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

76. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

77. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

78. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees

who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of these Collective actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendant and failed to pay its employees all overtime hours of work. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C. Unpaid regular wages, and overtime wages pursuant to the IMWL, and other state wage laws;

D. Compensation originating from PARAGON company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Certification of this case as a Collective action;

15

G. Designation of the Plaintiffs as representatives of the Collective and counsel of record as Collective Counsel;

H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J. Attorneys' fees in accordance with all applicable laws, Illinois Law and FLSA.

K. Liquidated damages in accordance with the FLSA;

L. Treble and 5% monthly penalty in accord with the IMWL;

M. Consequential damages;

N A 2% penalty as per IWML.

O. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

P. and costs of this action; and

Q. Such other relief as this Court shall deem just and proper.

### COUNT Three – Violation of Internal Revenue Code Section 7434

80. Plaintiff restates and realleges all prior Paragraphs of this Complaint, incorporated into this count.

81. The Internal Revenue Code, Section 7434, 26 U.S. §7434, prohibits a person from willfully filing a fraudulent information return with respect to payments made to another person.

82. A person may bring a civil action for damages against the person who filed a fraudulent return. Upon a finding of liability, the defendant shall pay the greater sum of $5,000.00 or damages actually incurred by Plaintiffs.

83. Defendants, knowingly filed a fraudulent Form W-2 which grossly overstated and misstating Plaintiff's income, by changing a bonus to a "loan".

84. Defendants are fully aware that their W-2s are inaccurate and overstated, as they are aware their weekly wages, monthly wages and yearly wages and that Defendants added income far beyond the amounts Plaintiffs were aware and knew to be earned by themselves and overstated by claiming a "loan".

85. Defendants received as a benefit, from their fraudulent reporting of other persons income, the ability to hide income and avoid paying employer share of taxes on that bonus.

86. Defendants benefited from falsely claiming a "loan" by avoiding multiple taxes, fees and related costs, and moving the off book income to the Plaintiff's W-2 allowed Defendants to receive these benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, prays for the following relief:

a) Consequential damages

b) $5,000.00 penalty as per 7434

c) Fees and costs

17

      d) All remedies available pursuant to <u>7434</u>

      e) All other remedies that are just and right.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 26, 2023

                                   Respectfully submitted,

                                   By:     -S-John C. Ireland
                                            John C. Ireland

                                            Attorney for the Plaintiff and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
  630-464-9675
Facsimile 630-206-0889                attorneyireland@gmail.com

18

Case: 1:23-cv-04045 Document #: 1 Filed: 06/26/23 Page 19 of 19 PageID #:19